HEANEY, Senior Circuit Judge.
 

 Marlyn Jensen, an attorney, appeals from an order of the district court upholding a bankruptcy court order, imposing Bankruptcy Rule 9011 sanctions
 
 [1]
 
 on Jensen for filing, as counsel, Larry Reynolds’s Chapter 12 bankruptcy petition. The sanctions were in the form of paying appellee Federal Land Bank’s (FLB) attorney’s fees.
 

 On March 23, 1987, Jensen filed Reynolds’s bankruptcy petition
 
 [2]
 
 two days before Reynolds’s farm was to be sold at a sheriff’s sale pursuant to a state court foreclosure decree obtained by FLB. The state foreclosure decree involved a promissory note in favor of FLB with a balance of $44,860.18 secured by a mortgage on approximately two-thirds of Reynolds’s 120-acre farm, and by an assignment of payments due Reynolds under a real estate contract for the entire 120 acres between Reynolds as vendor and Roger and Randy Ruble as vendee.
 

 On June 30, 1987, Reynolds submitted his Chapter 12 plan which covered three years, showing a negative cash flow at different quarters, but a positive balance of $298, $67, and $27 for each year respectively. The FLB objected to the plan on July 12, 1987, on the basis of feasibility. At a preliminary hearing held on July 23, 1987, FLB, the Federal Deposit Insurance Corporation, and the standing trustee objected to the plan, and Reynolds was ordered to submit an amended plan by August 24, 1987. On August 13,1987, FLB filed a motion for
 
 *341
 
 relief from the automatic stay and, in the alternative, a motion to dismiss.
 
 [3]
 

 On January 6, 1988, the bankruptcy court held a hearing. The FLB’s senior loan officer Paul Peiffer testified that the cash flow sheets submitted with Reynolds’s plan were inaccurate because,
 
 inter alia,
 
 they included neither $1700 in delinquent taxes, nor payments owed to a Duane Hol-linger who was crop-sharing with Reynolds. At the conclusion of the evidence, the court dismissed Reynolds’ case because it could not feasibly work. The court then engaged in a lengthy discussion with Jensen, on the factual basis upon which he relied when he filed Reynolds’s case.
 

 The court noted that Jensen had appeared before the court unprepared on a number of occasions and stated:
 

 You haven’t done the appropriate workup to know that you have a situation that won’t work under 12, or perhaps you refuse to see it and plan to go forward without anything in hand.
 

 Coming here today without some sort of documentation, even if it was just estimates of a changed plan, shows to me that this proceeding isn’t being taken as seriously as it should be. It should have been evident to you at the outset of this case, and perhaps some of your others that this case would not work under 12. * * * I find that as far as your going ahead and filing this case, there is bad faith here.
 

 The court then
 
 sua sponte
 
 imposed sanctions against Jensen personally in the form of FLB’s attorney’s fees and denied Jensen’s request for a hearing on the issue.
 

 On January 28, 1988, the bankruptcy court entered an order setting the amount of sanctions at $2047.66. On appeal the district court affirmed the judgment. Jensen now appeals to this court on the grounds that (1) the facts did not support the imposition of sanctions because he had computed annual figures and was satisfied that a workable plan was feasible; (2) the fifth and sixth amendments guaranteed him notice and a right to a hearing; (3) he was entitled to an adjudication of guilt because sanctions are quasi-criminal in nature; (4) he was denied his right to be an effective counsel; and (5) the sanctions violate various clauses of the Constitution. The FLB requests that Jensen pay FLB’s attorney’s fees incurred in defending the appeal both here and at the district court.
 

 Because we find that Jensen should have been given notice that sanctions were being considered, we dispose of the case on this basis and need not address Jensen’s other points. Courts are split on whether an attorney has a right to prior notice before the imposition of sanctions.
 
 Compare Tom Growney Equip. v. Shelley Irrigation Dev.,
 
 834 F.2d 833, 836 (9th Cir.1987) (attorney must be given notice court is considering sanctions and for what reason);
 
 Kirshner v. Uniden Corp. of Am.,
 
 842 F.2d 1074, 1082-83 (9th Cir.1988) (two days notice to a Missouri attorney of hearing in Los Angeles to consider sanctions under local court rules held insufficient);
 
 and Lepucki v. Van Wormer,
 
 765 F.2d 86, 88 (7th Cir.) (per curiam) (attorney who had notice of hearing to consider sanctions against his client, but who failed to appear, could not claim lack of notice about his being assessed sanctions at said hearing),
 
 cert. denied,
 
 474 U.S. 827, 106 S.Ct. 86, 88 L.Ed.2d 71 (1985),
 
 with Donaldson v. Clark,
 
 819 F.2d 1551, 1559-60 (11th Cir.1987) (indicating that rule itself “constitutes a form of notice”).
 

 The FLB urges the panel to adopt the Eleventh Circuit’s reasoning in
 
 Donaldson
 
 that the notice requirement is satisfied by the mere existence of the rule. In rejecting
 
 Donaldson,
 
 the Ninth Circuit in
 
 Tom Growney Equip,
 
 distinguished between “general notice about sanctions and notice that sanctions are being considered.”
 
 Tom Growney Equip.,
 
 834 F.2d at 836 n. 5. We believe that the Ninth Circuit’s reasoning is persuasive and we adopt its holding.
 

 Jensen also argues that he should have received a hearing on this issue. The record shows that Jensen was extensively questioned by the bankruptcy court but
 
 *342
 
 that he did not have sufficient notice to prepare for the questioning. Because we remand the case to give Jensen proper notice, he, of course, must be given a hearing on the issue.
 
 Cf. Muthig v. Brant Point Nantucket, Inc.,
 
 838 F.2d 600, 606-07 (1st Cir.1988) (full hearing not required when attorney has been given adequate notice sanctions are being considered and opportunity to present arguments in briefs);
 
 Brown v. National Bd. of Medical Examiners,
 
 800 F.2d 168, 173 (7th Cir.1986) (attorney’s due process rights not violated where court gave postsanction opportunity to respond and move for reconsideration with full briefing).
 

 Therefore, we reverse and remand this case to the district court with instructions to give Jensen notice that sanctions are being considered and a hearing on the issue. Because we reverse the sanctions award, we, of course, deny FLB’s request for additional sanctions.
 

 Finally, we emphasize that our holding here does not suggest a conclusion on the merits.
 

 [1]
 

 . Rule 9011, the bankruptcy counterpart of Fed. R.Civ.P. 11, reads in part:
 

 Every petition, pleading, motion and other paper served or filed * * * on behalf of a party represented by an attorney * * * shall be signed by at least one attorney of record * * *. * * * The signature of an attorney * * * constitutes a certificate that the attorney * * * has read the document; that to the best of the attorney’s * * * knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law * * * and that is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.
 

 [2]
 

 . The record indicates that this is the first time Reynolds has filed for bankruptcy.
 

 [3]
 

 . On August 24, 1987, Reynolds moved for additional time to formulate an amended plan. Apparently this motion was not ruled on, and an amended plan was never submitted.