**In re ENDREX INVESTMENTS, INC., a Hawaii corporation, Debtor.**

**ENDREX INVESTMENTS, INC., a Hawaii corporation, Sterling and Miller, P.C., and Nancy D. Miller, Appellants,**

**v.**

**MAUNA LANI RESORT, INC., Appellee.**

**Bankruptcy No. 87 B 12005 M.**
**Civ. A. No. 88–K–1178.**

United States District Court, D. Colorado.

March 19, 1990.

Nancy Miller, Denver, Colo., for Endrex
Investments.

Thomas C. Seawell, Denver, Colo., for
Mauna Lani Resort.

## MEMORANDUM OPINION
## AND ORDER

KANE, Senior District Judge.

In this appeal, the debtor, Endrex Investments, Inc., and its attorneys, Sterling & Miller, P.C. and Nancy D. Miller (collectively, the appellants), appeal the imposition of sanctions against them. They raise five issues in this appeal: (1) whether the imposition of sanctions violated their right to due process, (2) whether sanctions under Bankr.R. 9011 were erroneous because no improper pleading was filed, (3) whether sanctions under 28 U.S.C. § 1927 were erroneous because the court made no finding of subjective bad faith, (4) whether the bankruptcy judge acted as a party in interest and violated his duty to rule impartially, and (5) whether the court's finding that this bankruptcy case was filed in bad faith warranted the imposition of sanctions. I reverse the award of sanctions.

### I. Facts.

The material facts of this case are undisputed. Endrex was a Hawaii corporation owned entirely by Mrs. Clyde Brannan. Mr. Brannan was the corporation's president, and its secretary/treasurer was Mike VanderLann, who also served as Endrex's accountant. Endrex's primary assets were a luxury condominium unit in Hawaii and an 80 percent interest in a corporation known as LaMer, Inc. LaMer, Inc. was a privately held corporation engaged in the development of production facilities in Hawaii for the growth of high protein algae to be sold for commercial and agricultural use. The financing of LaMer, Inc. was to be through a private placement which was expected to generate approximately $3 million in new funds for the operation.

The condominium unit was subject to a mortgage securing a promissory note in the original principal amount of $700,000 to Mauna Lani Resorts, Inc. (Mauna Lani). Endrex leased the unit to Mr. Brannan, with the rental on the unit being equal to the mortgage payment. In addition, Endrex was responsible to the Mauna Lani Homeowner's Association for certain condominium association fees and assessments. By June, 1987, Mr. Brannan had failed to make several rental payments, and Endrex fell behind in its payment of the mortgage and the condominium association fees, forcing the homeowner's association and Mauna Lani to commence foreclosure proceedings. On October 7, 1987, before the scheduling of the foreclosure sale, Endrex filed for bankruptcy under Chapter 11.

On January 21, 1988, Mauna Lani moved under 11 U.S.C. § 362 for relief from the automatic stay to proceed with foreclosure. Mauna Lani argued that relief from the stay was justified because the condominium property was not necessary to the debtor's reorganization, the debtor had no equity in the property, and the debtor's bankruptcy was filed in bad faith. Endrex, through its attorneys, opposed this motion, claiming that there was equity in the property, that it was necessary to its reorganization, and that the bankruptcy was filed in good faith.

On February 16, 1988, the bankruptcy court held a hearing on the motion for relief from the stay. After hearing argument from counsel, the court granted the § 362 motion. First, the court found that there was an insufficient equity cushion to

merit continuance of the stay. R.Vol. II at 18. Next, it held that, while the property was the major asset of the bankruptcy estate, it was not necessary to an effective reorganization, if such a reorganization were possible. *Id.* at 18–19. Finally, as to debtor's bad faith filing, the court stated:

The Court is not able to, at this moment, cite the case law that knows—that the Court knows exists, but the Court is, under the right circumstances, sometimes entitled sua sponte to observe the good faith nature of a filing, or the lack of good faith in the nature of a filing by a Chapter 11 debtor. This Court has not had sufficient facts presented or offers of proof, if you will, because that's the nature of this hearing, and suffice it to say, however, that I think this Court is not reluctant to venture the observation that the totality of the circumstances involved in this case does raise a question as to whether or not this is, indeed, a legitimate Chapter 11 business reorganization or an attempt to do so.

*Id.* at 22. The court then requested counsel to prepare a draft order containing proposed findings of fact on the matter. On February 18, 1988 *nunc pro tunc* February 17, 1988, the court entered an order incorporating the above conclusions, but declining to make a final determination as to the bad faith issue until a later hearing on a motion to dismiss the debtor's Chapter 11 petition, which Mauna Lani filed concurrently with its § 362 motion.

Although there is some dispute as to when Endrex's counsel received a copy of the motion to dismiss, notice regarding the motion pursuant to Local Bankruptcy Rule 23 was issued on or about January 22, 1988. The notice provided that any opposition to the motion to dismiss and request for a hearing must have been filed on or before February 8, 1988 and that in the absence of any such request, the Court would grant the motion on or after February 15, 1988. Although Endrex filed no opposition to the motion to dismiss, by notice dated February 18, 1988, the court scheduled a hearing on the motion for March 10, 1988. On March 9, 1988, one day before the scheduled hearing, Endrex filed its consent to the motion to dismiss and its request that the court vacate the hearing.

Despite Endrex's request to vacate the hearing, it went forward as scheduled. Both parties presented evidence regarding the debtor's filing of the case, although counsel for Endrex reiterated that it was not opposing the motion. *See* R.Vol. III at 31. At the conclusion of the hearing, the following colloquy between the court and counsel for Endrex took place:

THE COURT: The Court's going to ask counsel to each submit proposed findings of fact and conclusions of law within seven days, and the Court will take the matter of dismissal and sanctions under advisement and will rule by the end of next week, it hopes.

MS. MILLER: Your Honor, is there a motion for sanctions before the Court?

THE COURT: No, but the Court can take, sua sponte, the issue of sanctions for bad faith filing under advisement, and this Court advised in its order of February 18th that it felt that this was a bad faith filing.

MS. MILLER: But, Your Honor, I see nothing in there regarding sanctions.

THE COURT: The Court can take the issue as to whether or not there's been a bad faith filing of a Chapter 11 up on its own motion. The Court is allowed to consider issues under Rule 9011 on its own motion. The Court is allowed to invoke 28 U.S.C. § 1927. The Court is entitled, through an inherent power accorded to courts, to try to expeditiously and fairly and reasonably manage its docket and calendar and the conduct of cases in front of it.

MS. MILLER: So, Your Honor, if I may understand the court, do I have an opportunity to present my own findings of fact and conclusions of law?

THE COURT: That's what I just—

MS. MILLER: Or is it just directed to the movant?

THE COURT: No, I just asked counsel to submit to the court within a week

proposed findings of fact and conclusions of law. And when the Court makes some final decision after reviewing the file, reviewing the evidence, reviewing the pleadings and the case law, then the Court will decide as to whether or not the filing was in good faith or bad faith, and whether or not sanctions are appropriate or not appropriate. The purpose of this hearing, Ms. Miller, was, in part, to look at the question of dismissal and the grounds for dismissal, but as was indicated very clearly in the February 18th order of this Court, the issue of a bad faith filing was to be reserved until this hearing. And this Court owes it to counsel and owes it to the debtor to have an opportunity to respond to those kinds of allegations and to refute and rebut actual allegations which might lend itself to an interpretation it's a bad faith filing. And that's why the hearing's been held.

*Id.* at 35–36.

On March 31, 1988, the bankruptcy court entered a written order granting the motion to dismiss and assessing attorney fees as sanctions against the appellants. *See Mauna Lani Resort, Inc. v. Endrex Investments, Inc. (In re Endrex Investments, Inc.)*, 84 B.R. 207 (Bankr.D.Colo. 1988). The court found that the debtor's bankruptcy was filed in bad faith and dismissed the case under 11 U.S.C. § 1112(b). *Id.* at 210–11. It also concluded that sanctions were justified under Bankr.R. 9011, 28 U.S.C. § 1927 and the court's inherent power to manage it affairs. Analyzing the appellants' conduct under Bankr.R. 9011, the court stated:

The initial filing might be construed or could be deemed not in bad faith, but rather the product of urgent last minute maneuvers by a debtor scrambling to legitimately salvage assets. This is not an uncommon occurrence. Nonetheless, at some point after filing, the debtor and counsel must carefully evaluate and honestly assess the debtor's reorganization prospects.

*Id.* at 212. The court cited counsel's continued opposition to the motion for relief from stay and the debtor's failure to comply with discovery requests and reporting requirements as further justification for the Rule 9011 sanctions and for sanctions under § 1927. *Id.* Unable to determine precisely the allocation of fault between the defendant and counsel, the court required that each pay one-half of the fee and expenses awarded as sanctions. *Id.* at 213.

The appellants directly challenged the court's imposition of sanctions without adequate notice by filing a motion for reconsideration on April 15, 1988. R.Vol. I, Doc. 3. They did not request reconsideration of the court's dismissal of the debtor's petition. The court held a hearing on the motion for reconsideration on June 28, 1988. Counsel for Endrex again asserted that the appellants were not given the opportunity to present evidence to defend against the imposition of sanctions and attempted to introduce this evidence. With the exception of the limited testimony of Ms. Miller, the court denied counsel's attempt to supplement the record, over counsel's objection. On July 2, 1988, the court entered its order on reconsideration in which it affirmed its previous award of sanctions against the appellants. Endrex and its counsel now appeal this ruling.

## II. *Issues.*

### A. *Due Process.*

The appellants' first argument is that the court's imposition of sanctions without adequate notice deprived them of due process. The resolution of this issue presents both legal and factual questions. The legal question is whether the appellants were entitled to notice as a matter of due process before sanctions were assessed against them. The factual question is whether such notice, if required, was adequate.

As to the first question, parties facing the imposition of sanctions under Bankr.R. 9011, 28 U.S.C. § 1927 and pursuant to the court's inherent power are protected by the due process clause of the fifth amendment. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980); *Braley v. Campbell*, 832 F.2d 1504, 1514 (10th

944

Cir.1987). "The basic requirements of due process with respect to the assessment of costs, expenses, or attorney's fees are notice that such sanctions are being considered by the court and a subsequent opportunity to respond." *Braley v. Campbell*, 832 F.2d at 1514. The time and content of the notice and the scope of the hearing depends in large part on the circumstances of the case. *Id.* at 1515; *see also In re King*, 83 B.R. 843, 846 (Bankr.M. D.Ga.1988); American Bar Ass'n, *Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure*, Part M, n. 3 (1988), *reprinted in* 5 C. Wright & A. Miller, *Federal Practice & Procedure* at 238 (Supp.1989). When the court acts sua sponte to impose sanctions, "the prevailing party should be notified that it may, but need not, participate in the proceedings to determine whether sanctions should be imposed." *Braley v. Campbell*, 832 F.2d at 1515. Likewise, "[w]hen sanctions are proposed to be imposed on a debtor, due process demands more specific notice because the debtor is not likely to be aware of the existence of Rule 9011 and therefore should be given greater opportunity to respond." *In re King*, 83 B.R. at 846. Clearly, the appellants were entitled to adequate notice and an opportunity to respond before sanctions were awarded.

■ As to the second question, the record reveals that the notice and hearing afforded the appellants was inadequate. It is undisputed that the creditors of the estate and the U.S. Trustee did not move the court for sanctions in this case, and that the award of sanctions was sua sponte. Although all parties had notice that the court was prepared to consider the debtor's bad faith filing and maintenance of its Chapter 11 case at the hearing on the motion to dismiss, the record shows that the court did not mention the issue of sanctions until the *close* of that hearing. Consequently, the appellants were deprived of any meaningful opportunity to prepare argument against the imposition of sanctions, much less present any evidence to support their argument. This problem was not corrected in the subsequent hearing on the motion for reconsideration, as the court again limited counsel's introduction of evidence to support the appellants' reasonableness in attempting reorganization.

■ The bankruptcy court seems to indicate, however, that notice of sanctions was provided when the court stated that it would consider the issue of the debtor's bad faith during the hearing on the motion to dismiss. An almost identical situation occurred in *Jensen v. Federal Land Bank*, 882 F.2d 340 (8th Cir.1989). There the debtor submitted a reorganization plan under Chapter 12 which was later determined to be unfeasible. Several creditors and the trustee objected to the plan and filed a motion for relief from the stay or in the alternative, a motion to dismiss. *Id.* at 340–41. At the hearing on this motion, the court dismissed the debtor's case and sua sponte imposed sanctions against the debtor's attorney. *Id.* at 341. On appeal, the court reversed the imposition of sanctions, finding that the attorney should have been given notice that sanctions were being considered and a hearing on the matter. *Id.* at 341–42.

In addition, since the standards for dismissing a case for bad faith under § 1112(b) are different from the standards for imposing sanctions under Bankr.R. 9011 or 28 U.S.C. § 1927, *see In re HBA East, Inc.*, 101 B.R. 411, 418 (Bankr.E.D.N. Y.1989); *In re Southern Cal. Sound Sys., Inc.*, 69 B.R. 893, 901 (Bankr.S.D.Cal.1987), the fact that the appellants knew the court would be considering the bad faith issue does not automatically bring into question the issue of sanctions. Therefore, the bankruptcy court's position that the appellants had notice of the potential award of sanctions by virtue of the hearing on bad faith is clearly erroneous. Since the appellants were entitled to adequate notice and a hearing, the normal course would be to remand to the district court for a *de novo* hearing on the sanctions issue. However, as discussed below, even though the appellants had a limited opportunity to present evidence in their defense, the record indicates little basis to suggest that the objective standard of Rule 9011 or § 1927 was

violated or that the court should have imposed sanctions under its inherent powers.

### B. *Sanctions Under Bankr.R. 9011.*

The appellants next argue that, notwithstanding the lack of notice, sanctions under Bankr.R. 9011 were improper because there was no pleading or paper filed in violation of the rule. They contend that the bankruptcy court's finding that they failed to dismiss the voluntary proceeding quickly enough and that they should not have opposed the motion for relief from the stay does not support the imposition of sanctions under Rule 9011, since neither situation involved an improper pleading.

■ Bankruptcy Rule 9011 is patterned after Fed.R.Civ.P. 11. It provides that every paper filed in a case under the Code (except those to be signed by the debtor) must be signed by an attorney of record and that the attorney's signature

> constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.

Bankr.R. 9011(a). If a paper is signed in violation of this rule, the bankruptcy court is authorized to impose sanctions on the signing attorney. *Id.* The lower court's ruling as to attorney fees is generally reviewed for an abuse of discretion. *Adamson v. Bowen,* 855 F.2d 668, 673 (10th Cir.1988) (addressing the standard under the parallel Fed.R.Civ.P. 11). However, the factual findings supporting the court's award are reviewed under the clearly erroneous standard. *Id.*

■ There is a split between the circuits as to whether Rule 9011, or its analog, Rule 11, imposes a continuous duty on counsel to reevaluate whether a signed and filed pleading complies with the rule. *See generally, Sauls v. Penn Va. Resources Corp.,* 121 F.R.D. 657 (W.D.Va.1988). Some courts have held that "an attorney and the litigant have a continuing duty to review and reevaluate their pleadings, motions and other papers and upon discovery that such papers were without merit, to immediately dismiss the action at the risk of inviting the imposition of Rule 11 sanctions." *Herron v. Jupiter Transp. Co.,* 858 F.2d 332, 336 (6th Cir.1988); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 681 (6th Cir.1988); *City of Yonkers v. Otis Elevator Co.,* 844 F.2d 42, 49–50 (2d Cir.1988); *Flip Side Prods., Inc. v. Jam Prods., Ltd.,* 843 F.2d 1024, 1037 (7th Cir.1988); *In re Cedar Falls Hotel Properties Ltd. Partnership,* 102 B.R. 1009, 1014 (Bankr.N.D. Iowa 1989).

The opposite view rejects the above position as beyond the intended scope of Rule 11:

> [A] construction of Rule 11 which evaluates an attorney's conduct at the time a "pleading, motion or other paper" is signed is consistent with the intent of the rulemakers and the plain meaning of the language contained in the rule. Like a snapshot, Rule 11 review focuses upon the instant when the picture is taken—when the signature is placed on the document. Rule 11 was promulgated for a particular purpose—to check abuses in the signing of pleadings.

*Thomas v. Capital Sec. Serv., Inc.,* 836 F.2d 866, 875 (5th Cir.1988) (departing from earlier Circuit authority applying a continuing obligation under Rule 11). Courts adhering to this view have concluded that it is "virtually mandated by the plain language of the rule. Entitled 'Signing of Pleadings, Motions, and Other Papers; Sanctions,' the rule refers repeatedly to the signing of papers; its central feature is the certification established by signature." *Oliveri v. Thompson,* 803 F.2d 1265, 1274 (2d Cir.1986), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987); *see also, Gaiardo v. Ethyl Corp.,* 835 F.2d 479 (3d Cir.1987). The Tenth Circuit has not directly considered this issue.

In my mind, the extension of Rule 11 and Bankr.R. 9011 to apply to a party or an

attorney's conduct after a pleading has been properly filed is ill-advised and unnecessary because sanctions under § 1927 are available. "Rule 11 is not a panacea intended to remedy all manner of attorney misconduct occurring before or during the trial of civil cases." *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 829–30 (9th Cir.1986). When other, more specific rules or statutes apply, there is no need to extend the terms of Rule 11 or Bankr.R. 9011 beyond their intended scope. *See id.* at 830.

■ Consequently, I disagree with the bankruptcy court that the appellants can be sanctioned under Bankr.R. 9011 for improperly continuing this case, when the bankruptcy court found that the initial filing of the petition was probably not in bad faith. While the fact that Endrex's counsel filed papers in opposition to Mauna Lani's motion for relief from the stay might provide a better basis for the imposition of sanctions under Bankr.R. 9011, I find that sanctions were not warranted. The inquiry under Rule 9011 is whether a party's position is well grounded in fact or warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. *Adamson v. Bowen,* 855 F.2d at 673. "The standard by which courts evaluate the conduct of litigation is objective reasonableness—whether a reasonable attorney admitted to practice before the district court would file such a document." *Id.*

■ In this case, the question before the court was whether it was objectively reasonable for Endrex to have argued against the creditor's motion for relief from the stay when it appeared that Endrex was a shell corporation with the condominium as its only asset. In *In re Cedar Falls Hotel Properties Limited Partnership,* 102 B.R. 1009, 1012 (Bankr.N.D.Iowa 1989), the bankruptcy court confronted a similar situation. The debtor corporation's only asset was a distressed hotel which

was facing foreclosure. Given that this was the corporation's sole asset, certain creditors argued that the filing of the petition for reorganization was frivolous and merited the imposition of sanctions. Although the court later concluded that the petition was filed for other improper purposes, it found that the simple fact that the hotel was the corporation's only asset did not justify sanctions for the filing and maintenance of the petition. Noting that Rule 9011 was not designed to deter the "zealous and rigorous advocacy by attorneys on behalf of their clients," *id.* at 1015, the court found that the debtor's position was not unreasonable, in that the attorney "could have had a good faith belief that the Court would find that the value of the Cedar Falls Holiday Inn to be over seven million dollars and that an effective reorganization was possible," *id.* at 1016.

Likewise, the appellants contend that their position was justified because the condominium was potentially worth more than the obligations against it,[1] Endrex was in the process of negotiating for refinancing, and the corporation's other asset, stock in LaMer, Inc., could bring additional income into the corporation. I cannot find that this was an objectively unreasonable position in light of the circumstances at the time Endrex's objection to the motion for relief from stay was filed. Since there was evidence that the debtor had some equity in the property, an attempt to refinance was ongoing, and there was a possibility that income from other sources was forthcoming, there was a chance that Endrex could have reorganized successfully. Endrex's opposition to Mauna Lani's motion for relief from stay was objectively reasonable. Therefore, I reverse the imposition of sanctions under Bankr.R. 9011.

C. *Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority to Manage its Proceedings.*

■ The appellants next argue that the bankruptcy court erred in awarding sanc-

---

**1.** In their reply brief, the appellants further note that the condominium was sold on September 13, 1988 for $1,002,761.12, a sum well in excess of the appraised value for the property. This evidence was not before the bankruptcy court

on the motion to dismiss, and the appellants have made no motion to supplement the record on appeal. Consequently, I do not consider this information in ruling on this matter.

tions under 28 U.S.C. § 1927 and pursuant to its inherent power to impose sanctions because it made no finding that Endrex's counsel acted in subjective bad faith.[2] It is now well-established that the standard for the award of sanctions under § 1927 is an objective, not a subjective one. "[T]he proper standard under ... § 1927 is that excess costs, expenses, or attorney's [sic] fees are imposable against an attorney personally for conduct that, *viewed objectively*, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir.1987) (emphasis added). *Braley* likewise suggests that subjective bad faith is not required for the court to impose sanctions pursuant to its inherent authority. *Id.* ("Even under the court's inherent powers, the Supreme Court has only required conduct that 'constituted or was *tantamount* to bad faith.'") Consequently, the fact the bankruptcy court made no finding as to subjective bad faith is not grounds for reversal.

 Nevertheless, I find that the bankruptcy court abused its discretion in imposing sanctions under § 1927 or pursuant to its inherent powers. For the reasons discussed above with respect to the award of sanctions under Bankr.R. 9011, I conclude that there is no evidence that counsel for Endrex manifested an intentional or reckless disregard of her duties or willfully abused the judicial process in continuing to maintain this bankruptcy action and in opposing the efforts of creditors to access the primary asset of the estate.

### D. *Misconduct of Bankruptcy Judge.*

The appellants' fourth argument is that the bankruptcy judge did not act impartially in this case. My review of the record indicates that there is no merit to this claim.

 Federal law and the Code of Judicial Conduct require a federal judge to act impartially on the matters before him, *see* 28 U.S.C. § 455; ABA Code of Judicial Conduct Canon 3, and a party may move for disqualification if there is evidence of bias, *see* 28 U.S.C. § 144. Nevertheless, simply because a judge has ruled adversely to a party or has a different view as to the law of a particular case does not indicate a judge's lack of impartiality. *See generally*, 13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3542 at 564–68 (1984).

 In this case, the appellants claim that the tone of certain statements by Judge Brooks in this case show his lack of objectivity and require that if the case is remanded it be sent to a different judge. The allegedly improper statements generally refer to the judge's opinion that the appellants had adequate notice of the possibility of sanctions because of the motion to dismiss on bad faith grounds. Although the judge's position, as outlined in Section A above, was not legally correct, there is absolutely no evidence that his statements reflect anything other than his belief as to a legal issue. Since the appellants do not request disqualification, and since I reverse the award of sanctions on the merits, the allegations as to the judge's lack of impartiality in these proceedings really have no effect on this appeal.

### E. *Bad Faith Finding as Support for the Award of Sanctions.*

The appellants' final argument in this appeal is less than clear. From what I can discern, it really is a three-part argument. First, they assert that the court erred in finding that the petition was filed in bad faith and granting the motion to dismiss. Second, they allege that bad-faith finding does not automatically justify the imposition of sanctions. Third, they argue that

---

**2.** Under § 1927, sanctions may be imposed against an attorney in a bankruptcy case "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927; *see also Gokey v. McIntosh (In re McIntosh)*, 94 B.R. 705 (D.Colo.1988); *Robb v. Sowers (In re Sow-*

*ers)*, 97 B.R. 480 (Bankr.N.D.Ind.1989). Sanctions, including attorney fees, may be also assessed pursuant to the court's inherent powers against attorneys who "willfully abuse judicial processes." *Roadway Express, Inc.*, 447 U.S. at 766, 100 S.Ct. at 2464.

the facts and circumstances of this case did not justify the award of sanctions.

As to the first issue, the appellants have conceded that they have not appealed the court's dismissal of the debtor's Chapter 11 petition; therefore, the issue of the debtor's bad faith is not properly before me on appeal. Second, as I have outlined in Section A above, a finding that the debtor's case should be dismissed because it was filed in bad faith does not automatically justify the imposition of sanctions. Finally, I have addressed in Section B why I believe the imposition of sanctions in this case was not warranted under an objective view of the appellants' conduct. Therefore, the third argument is superfluous.

### III. *Conclusion.*

The imposition of sanctions against Endrex and its attorneys is reversed. Neither party received notice that the court would be considering sua sponte the imposition of sanctions at the hearing on the motion to dismiss, and this violated their right to due process under the fifth amendment. The due process violation was not corrected on the motion for reconsideration because the appellants were not given a meaningful opportunity on rehearing to present evidence to defend their position. Even though the bankruptcy court found that the debtor's petition should be dismissed because its principals had failed to provide certain records and had not otherwise acted in good faith, this finding does not constitute notice that the imposition of sanctions is under consideration nor mandate the award of sanctions.

Despite the lack of notice and a hearing, in light of the evidence in the record, the appellants' conduct was not objectively unreasonable under Bankr.R. 9011, § 1927 or in light of the court's inherent power to award sanctions. The appellants had a reasonable belief that the value of the condominium property was high enough to satisfy the debtor's obligations, the debtor was attempting to refinance the primary debt on the property, and there was some chance, however slight, that dividends on stock held by the debtor would be forthcoming so as to permit a successful reorganization. In sum, the appellants' conduct in this case was simply not subjectively in bad faith, nor objectively unreasonable.