**In the Matter of Larry D. REYNOLDS, Debtor.**

**Marlyn S. JENSEN, Appellant,**

v.

**FEDERAL LAND BANK OF OMAHA, Appellee.**

**Bankruptcy No. 87–758–C.**
**No. 88–157–A.**

United States Bankruptcy Court, S.D. Iowa.

May 25, 1990.

MEMORANDUM OF DECISION AND
ORDER PURSUANT TO REMAND
IN CIVIL NO. 88–157–A

LEE M. JACKWIG, Chief Judge.

## I. BACKGROUND

On March 23, 1987 Larry D. Reynolds filed a petition for relief under Chapter 12 of Title 11 of the United States Code. The petition was signed by the debtor and his attorney, Marlyn S. Jensen. An Order for Relief was entered on the same day.

On June 30, 1987 the Chapter 12 debtor filed his plan of reorganization. On July 23, 1987 the bankruptcy court conducted a preliminary hearing on the plan and the objections of the Chapter 12 trustee, the Federal Land Bank (FLB), the Federal Deposit Insurance Corporation (FDIC) and the Farmers Home Administration (FmHA). At the conclusion of the preliminary hearing, the court directed the debtor to file an amended plan by August 24, 1987.

On August 13, 1987 the FLB filed a motion for relief from stay and an alternative motion to dismiss. On August 24, 1987 the debtor filed a motion for additional time to formulate an amended plan. On September 4, 1988 the bankruptcy court conducted a telephonic preliminary hearing on the motion for relief from stay.[1]

At the conclusion of the telephonic hearing, the court entered a minute order which provided that the automatic stay would remain in effect pending a disposition on the merits. The court then directed that "[a]ny amended plan must be served on all parties ten days prior to the confirmation hearing date and objections must be renewed (blanket) or modified (specific) and served on the debtor and debtor's counsel five days before the hearing.".[2] The order also in-

Marlyn S. Jensen, Osceola, Iowa, for debtor.

Anita L. Shodeen, Des Moines, Iowa, Trustee.

Kevin Query, U.S. Atty., Des Moines, Iowa, for trustee.

Rodney P. Kubat, Des Moines, Iowa, for creditor.

---

1. At the time of the hearing, counsel for the FLB argued that the debtor had filed the petition in bankruptcy solely for the purpose of delaying the sheriff's sale which had been scheduled to occur two days after the date on which the debtor sought relief under Chapter 12. Adding that the debtor's own filings indicated that he would not be able to obtain confirmation of a plan, the FLB attorney charged that the petition was a bad faith filing. He did not specifically request that sanctions be considered. The certified record on appeal did not include a copy of the tape of the hearing.

2. The September 4, 1987 minute order was included in the certified record on appeal. Ac-

cordingly, this court is at a loss to explain the circuit court's conclusion that it apparently did not rule upon the motion. *Jensen v. Federal Land Bank of Omaha,* 882 F.2d 340, 341 n. 3 (8th Cir.1989).

During the telephonic hearing, the court asked about the debtor's motion for additional time to file an amended plan. Finding that the motion had not been resisted within the time noticed for objections, the court advised debtor's counsel that he could file an amended plan but that all pending matters, including a confirmation hearing, would go forward under the factual circumstances of the case. Both counsel

structed the clerk's office to schedule the FLB's motion for relief and motion to dismiss for the same date and time as the hearing on confirmation of the plan.

On December 21, 1987 the clerk's office issued an order and notice rescheduling the motions for a courtroom hearing on January 6, 1988 but failed to notice a hearing on confirmation.[3] At the conclusion of the evidence at the January 6, 1988 hearing, the court questioned Jensen about the factual basis underlying the filing of the Chapter 12 case.[4] At the close of the record the court dismissed the Chapter 12 case and imposed sanctions, in the form of attorney fees, against the debtor's counsel. Interpreting Bankruptcy Rule 9011 not only as a rule mandating that a bankruptcy court impose sanctions if the record indicates that a document was signed in violation of the rule but also as a rule providing litigants and practitioners with sufficient notice that sanctions would be so imposed if the rule were violated,[5] the court denied the request of debtor's counsel for a separate evidentiary hearing.

On January 8, 1988 the court entered a separate written order directing the counsel for the FLB to submit a detailed itemization of fees and expenses incurred in the case by January 18, 1988. Counsel for the FLB filed an affidavit regarding fees and expenses on January 15, 1988. The court

entered an order on January 29, 1988 finding that the FLB incurred reasonable fees and expenses in the amount of $2,047.66 and setting the sanctions in that amount.

The debtor, acting pro se, appealed from the order dismissing the case and from the orders pertaining to the sanctions award. Jensen appealed from the January 29, 1988 order.

On September 9, 1988 the district court affirmed the dismissal of the Chapter 12 case after assessing this court's findings under the clearly erroneous standard. The district court reviewed the imposition of sanctions de novo and affirmed. Citing *Donaldson v. Clark,* 819 F.2d 1551, 1560–61 (11th Cir.1987), the district court found that Jensen was not entitled to a separate hearing and noted that providing the attorney an opportunity to explain his decision to file the case and to voice his objection before sanctions were imposed satisfied his due process rights.

In *Jensen v. Federal Land Bank of Omaha,* 882 F.2d 340 (8th Cir.1989), the Eighth Circuit Court of Appeals reversed the district court's affirmance of the sanctions judgment.[6] The appellate court found that the mere existence of Bankruptcy Rule 9011 did not provide Jensen with notice that sanctions were being con-

---

for the debtor and for the FLB agreed to the consolidated scheduling proposed by the court.

3. Given the numerous matters the clerk's office is required to notice on a given day, it is surprising that so few errors are made in a given year.

4. Jensen acknowledged that he had not prepared a cash flow prior to filing the petition but had reviewed the facts and income figures which led him to believe "it would be squeaky". Record at 65. In response to the court's expressed concern that no meaningful cash flows had been prepared for the hearing, Jensen stated: "I would have to push a hard pencil and I frankly cannot give assurance we could make it cash flow. I would hope we could". Record at 63.

5. Bankruptcy Rule 9011(a) provides in part:
   (a) Signature. Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, ... shall be signed by at

least one attorney of record.... The signature of an attorney ... constitutes a certificate that the attorney ... has read the document; that to the best of the attorney's ... knowledge, information, and belief formed after reasonable inquiry is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... *If a document is signed in violation of this rule,* the court on motion or on its own initiative, *shall impose on the person who signed it,* the represented party, or both, *an appropriate sanction,* which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee. (Emphasis added.)

6. The record before this court does not indicate if the district court's affirmance of the dismissal was appealed to the circuit court.

sidered. It reversed and remanded the case to the district court with instructions that Jensen be given notice that sanctions were being considered and a hearing on the issue. The Eighth Circuit Court of Appeals also denied the FLB's request for additional sanctions in the form of its attorney fees on appeal.

On September 25, 1989 the district court scheduled a hearing on October 25, 1989 to consider whether the district court or the bankruptcy court should address the sanctions issue on remand. On November 8, 1989 the district court entered an order disposing of both the question it had raised and certain matters raised in additional motions filed by Jensen.

In the November 8, 1989 order, the district court directed the bankruptcy court to determine whether Jensen should be sanctioned and, if so, what sanctions would be appropriate. The district court also indicated that the bankruptcy court should decide what proceedings were appropriate and whether a judge from outside the district should preside. The district court denied Jensen's motions to correct the caption and to quash the September 25, 1989 order and his request for a trial by jury.

## II. DISCUSSION

■ At the outset this court emphasizes that it subscribes to the majority view that the primary purpose in imposing sanctions under Bankruptcy Rule 9011 is to deter future violations of the rule. Compensating the opposing party is a secondary purpose. T.E. Willging, *The Rule 11 Sanctioning Process* (Federal Judicial Center 1988).

This court recalls imposing sanctions under Bankruptcy Rule 9011 in only two other cases—one involving a debtor's counsel and one involving a government attorney. What the court deemed to be an extreme action in each instance was taken only after repeated efforts to call each attorney's attention to his apparent failure to abide by certain provisions in the Code and the Rules or to assess the facts in a reasonable and responsible fashion. The court did not make or keep an official record of those warnings.[7]

■ Certainly, the court did not give specific notice that sanctions were being considered in this case for the simple reason that the court did not predetermine that it would find itself compelled, under the mandatory language of the rule, to impose sanctions. Rather, given the court's comments in this and prior cases[8] and the existence of Bankruptcy Rule 9011, the court expected that Jensen would pursue the case in a *meaningful* fashion if he did have some reasonable hope of prevailing upon the merits when the evidentiary hearing was completed.

If the court had anticipated that the Eighth Circuit Court of Appeals would hold that more than the general notice provided in Bankruptcy Rule 9011 is necessary before a court may impose sanctions—even when a factual record developed at a scheduled hearing seemingly supports finding that a document has been signed in violation of the rule, it would not have imposed sanctions at the conclusion of the January 6, 1988 hearing. Rather the court probably would have advised Jensen on the record in

7. Typically, most admonitions occurred in chambers rather than in the courtroom in order to avoid embarrassing the attorney in front of clients and members of the public; however, all counsel of record that were in attendance were included in the chambers conference in order to avoid the appearance of ex parte contact.

8. Usually parties in interest would raise feasibility and best interest of creditor objections to the Chapter 12 plans filed by Jensen. During preliminary hearings, the court would advise Jensen that detailed and accurate liquidation analyses and cash flows were considered just as important in Chapter 12 cases as they were in Chapter 11 farm cases because of the confirma-

tion requirements set forth in 11 U.S.C. section 1225. Also, in more than one case, opposing counsel would lament that Jensen had not responded to their calls or inquiries. The court would urge Jensen to make every effort to return calls since the ultimate goal of the informal preliminary hearing was to streamline the confirmation process for the benefit of all concerned. (In many cases filed by other counsel, the court was able to approve and to confirm plans that had been amended subsequent to the preliminary hearing and accepted by all parties in writing without the need to schedule a subsequent courtroom hearing.)

the courtroom that the evidence was such that sanctions might be appropriate and that he should carefully review Bankruptcy Rule 9011 before filing a similar factual case in the future.[9] Moreover, had the *Jensen* interpretation been available at the time of the January 6, 1988 hearing, this court would not have proceeded sua sponte to give notice that sanctions in the form of attorney fees [10] were being considered and that a separate hearing would be scheduled. The court would have recognized and yielded to the law of diminishing returns.

That is, in any case in which a court provides notice that sanctions are being considered sua sponte and schedules a separate hearing on the merits, additional time and energy will be expended by the court and general noticing and hearing expenses will be borne by the taxpayers.[11] Indeed, if the case under consideration is an example, many other matters beyond the Rule 9011 inquiry would be presented for the court's consideration and disposition.[12] If the ultimate goal of utilizing the rule is to manage the court docket in an efficient manner for the benefit of all litigants in all cases, a decision to set aside enough time from an already busy and crowded court calendar to address the preliminary motions and various issues of law can not be made lightly.[13]

Also, the party that might be compensated as a result of a court's sua sponte action must decide whether it should be represented by counsel at the sanctions hearing. If it decides to send an attorney and the court determines that sanctions are not warranted, the party will have incurred unnecessary additional attorney fees. Moreover, if the party's attorney would find it advisable to respond to numerous preliminary motions and various constitutional issues that might be raised by the "noticed" attorney, those additional attorney fees could be substantial. On the other hand, the party must consider its perceived role in the matter if it decides against representation by counsel at the sanctions hearing and the court does impose sanctions in the form of attorney fees but the determination is appealed. Even if it takes an active role for the first time on appeal, there may be drawbacks. It can not then add to the record on appeal and it might not be awarded additional attorney fees, even if the lower court's imposition of sanctions is affirmed.

Given the controlling case law in this circuit, the assessment of attorney fees for a violation of Bankruptcy Rule 9011 may be appropriate only upon the motion of an opposing party. Hence, it is doubtful that the author of this opinion would consider the imposition of sanctions in the form of attorney fees if she should find it neces-

9. In response to the court's inquiry if he was familiar with Bankruptcy Rule 9011, Jensen answered: "Vaguely, yes.". Record at 73.

10. In *In re Arkansas Communities, Inc.*, 827 F.2d 1219 (8th Cir.1987), the Eighth Circuit Court of Appeals held that a bankruptcy court has jurisdiction under Bankruptcy Rule 9011 to impose sanctions in the form of attorney fees against attorneys who do not comply with the rule. It should be noted that the bankruptcy court in that case did not act sua sponte but rather upon the motion of the trustee.

11. It is not clear to this court if the *Jensen* panel would approve a bankruptcy court giving notice that sanctions are being considered sua sponte and then scheduling the sanctions issue with another matter, such as a motion to dismiss, rather than setting a separate hearing on the sanctions issue. The author of this opinion has reservations, as the trier of fact, to following that procedure. (In this court's opinion to no-

tice that the court sua sponte is considering sanctions and may address the issue at the time of a hearing on another matter may leave the impression that the court has already determined the outcome of the other matter and, in turn, may generate a motion by the "noticed" attorney for disqualification under 28 U.S.C. section 455(a) and Bankruptcy Rule 5004.)

12. See *Jensen*, 882 F.2d at 341 (four of the five issues raised on appeal were issues of law, not of fact). See also *supra*, p. 455 (additional preliminary motions were filed on remand).

13. In January of 1988, the court's docket was inundated with Chapter 12 filings requiring numerous decisions on issues of first impression. Though entitled to special attention by operation of 11 U.S.C. section 1224 (expedited confirmation hearing), the pressing Chapter 12 caseload could not justify delay in hearing contested matters and adversary proceedings in the remaining large docket of cases under Chapters 7, 11 and 13.

sary to utilize the rule sua sponte in the future. Instead, if she determines that the circumstances warrant more than a strong suggestion that Bankruptcy Rule 9011 be reviewed, the required notice that sanctions are being considered will be given and a separate hearing will be scheduled. Absent further direction from the circuit court, sanctions that might be imposed, if otherwise appropriate, will include entering a written reprimand, ordering remedial education, suspending practice in some or all chapter cases in the bankruptcy court for this district or referring the matter to an appropriate grievance commission or disciplinary board. *See generally Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871, 872 (8th Cir.1988) (per curiam) ("Because counsel consistently failed to follow the [district] court's orders, we think the court was correct in applying some measure of sanction in the case. However, we feel a monetary or practice sanction against counsel would have been more appropriate [than dismissal of the case].").

Returning to the directive from the district court, the first and only question this court must decide is whether Jensen should be sanctioned. The court's primary purpose in imposing sanctions on January 6, 1988 was to impress upon Jensen that he had to take seriously the court's previous informal admonitions that his preparation before and during a case and his communication with other counsel had to improve. Since this court took that drastic measure, Jensen has exhibited a different attitude toward his role in bankruptcy cases. Generally speaking, he has prepared the information required in a timely fashion and has made a visible effort to communicate with opposing counsel. The end result has been that fewer of the amended plans he submitted in subsequent cases required formal hearings on the merits. Moreover, his attitude has not changed since the sanctions order was reversed and remanded. The court has no present reason to believe that he will act in a manner contrary to Bankruptcy Rule 9011 in the future.

III. CONCLUSION

Accordingly, since the primary purpose of the court's original imposition of sanc-

tions has been accomplished, the court finds that further consideration of this matter would be meaningless. The court realizes that this determination forecloses the FLB from trying to recoup some of what it has lost in terms of time and expense on appeal. Likewise, the court recognizes that Jensen may wish to pursue certain issues he has raised. Therefore, the court will entertain a motion for reconsideration and will schedule a formal hearing on the merits if Jensen or the FLB timely file such a motion.

ORDER

THEREFORE, IT IS HEREBY ORDERED that the matter of the imposition of sanctions brought on the court's own initiative as required by Bankruptcy Rule 9011 be deemed moot and that the case be closed.

IT IS FURTHER ORDERED that Marlyn S. Jensen or the Federal Land Bank must file any motion to reconsider the court's disposition of the sanctions matter within ten days of the entry of this memorandum of decision and order on the docket.