**Von R. FRANSEN, Plaintiff,**

v.

**TERPS LIMITED LIABILITY COMPANY, a Colorado limited liability company, David F. Wahl, Gerald M. Haase, Gary Dragul, Fred Kaufman, Michael J. Tauger, Christine B. McCleary, E. Larry McCleary, Cynthia S. Wittman, David Meagher, Denver Pediatric Surgeons, P.C., Colorado Territory Limited Liability Co., and Vern Terpening, Defendants.**

**Civ. A. No. 93–K–1843.**

United States District Court,
D. Colorado.

March 7, 1994.

Richard A. Marsh, Denver, CO, for plaintiff.

Jeffrey H. Sachs, Rod W. Snow, John B. Moorhead, Denver, CO, for defendants.

## ORDER ON ATTORNEY FEES

KANE, Senior District Judge.

This matter is before me on four related motions for attorney fees filed by Defendants (1) David Meagher, (2) Christine B. and E. Larry McCleary, (3) Denver Pediatric Surgeons, P.C., and (4) Terps Limited Liability Company ("Terps"), David F. Wahl, Fred Kaufman and Colorado Territory Limited Liability Company. In the first three motions, brought on substantially the same grounds, the movants seek an award of attorney fees and costs under Colo.Rev.Stat. §§ 13–17–101

to –103, Rule 11, or both, arguing that Plaintiff Fransen failed to investigate whether there was any factual basis to hold them liable as sellers of securities. In the fourth motion, the movants seek attorney fees and costs under Colorado state law, Rule 11, and 28 U.S.C. § 1927, claiming that Fransen's prosecution of this case was without reasonable basis in law. Fransen opposes the motions, arguing that he did not violate the above statutes or Rule 11 in prosecuting this case. He makes no substantial argument contesting the amount of fees requested, which I find to be reasonable. I grant the motions.

### I. *Background.*

On September 2, 1993, Fransen filed this action in federal court, seeking damages from Defendants for violations of federal and state securities laws in connection with the sale of membership interests in Terps, a Colorado limited liability company. Defendants' liability was predicated on each being a seller of these securities. Defendants Meagher and the McClearys filed motions for a more definite statement, contending that the complaint failed to state with specificity their actions in connection with the sale of the securities. I granted both motions. Fransen responded by clarifying that these parties were identified as promoters on a Notice of Sale filed with the Colorado Division of Securities, and that as promoters, they could be found liable as sellers.

On October 18, 1993, Defendants Terps, Wahl, Kaufman and Colorado Territory moved for a stay pending arbitration. Other Defendants filed similar motions. They alleged that, with the exception of two federal securities law claims, this action was substantially the same as one filed by Fransen in state court. The defendants in the state court action had moved for a stay and to compel arbitration based on language in the Terps Operating Agreement. In May 1993, the state court granted the motion, concluding that Fransen was bound by the arbitration clause of the agreement. Consequently, according to Defendants, the state court's order compelling arbitration was entitled to collateral estoppel effect here. In addition, Defendants Meagher, the McClearys and Denver Pediatric Surgeons, P.C. moved for judgment on the pleadings, treated as a motion for summary judgment, arguing there was no evidence that they were sellers of securities or had otherwise violated securities laws.

In my memorandum opinion and order of December 21, 1993, I granted Defendants' motions for stay pending arbitration, holding that Judge Larry Naves' ruling compelling arbitration in Fransen's nearly identical state court case had preclusive effect in this case. In addition, I granted Defendants David Meagher, Christine B. McCleary, E. Larry McCleary and Denver Pediatric Surgeon, P.C.'s (collectively, the "Dismissed Defendants") motions for summary judgment, finding that "[t]he present allegations and unrebutted affidavits of moving defendants are such that there is no sufficient basis on which to retain them as parties to this action." (Mem.Op. & Order at 8.) Based on this ruling, Defendants filed the instant motions for attorney fees, arguing that Fransen's complaint was without factual or legal basis and was an attempt to circumvent the state court's judgment.

### II. *Merits.*

### A. *Dismissed Defendants' Motions for Attorney Fees.*

■ The Dismissed Defendants argue that sanctions against Fransen are warranted because Fransen made no investigation whether they were sellers of securities to support his claims under federal or state securities laws. Therefore, they argue, Fransen's claims were "groundless" as that term is construed under Colo.Rev.Stat. § 13–17–101 and without adequate factual basis under Fed.R.Civ.P. 11. Fransen responds that it was reasonable to infer that these parties were sellers because they or related entities were identified as promoters in certain documents. I disagree.

■ Under Colo.Rev.Stat. § 13–17–101, a trial court is required to award attorney fees if it finds that the prosecution or defense of an action, either in whole or in part, lacked substantial justification. Specifically, the statute focuses on the nature of claims and defenses asserted in an action, and it mandates the imposition of sanctions when a claim or defense is found

to be "substantially frivolous, substantially groundless or substantially vexatious." *Township Homeowners Ass'n, Inc. v. Arapahoe Roofing & Sheet Metal Co.,* 844 P.2d 1316, 1317 (Colo.App.1992) (citations omitted). A claim is substantially groundless if the complaint contains allegations sufficient to survive a motion to dismiss for failure to state a claim, but the allegations are not supported by any credible evidence. *Fountain v. Mojo,* 687 P.2d 496, 501 (Colo.App. 1984). Presumably, this statute applies to state law claims heard in federal court. *See Computer Associates, Int'l, Inc. v. American Fundware, Inc.,* 831 F.Supp. 1516, 1523 (D.Colo.1993).

■ Similarly, Rule 11 of Federal Rules of Civil Procedure requires that all papers filed in federal court be signed by an attorney or a party. This signature constitutes a certification that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the paper is not filed for an improper purpose, the claims asserted therein are warranted by existing law or a good faith argument for its extension, and the factual contentions are supported by evidence then known or reasonably likely to be discovered. Fed.R.Civ.P. 11(b). "[T]he meaning of the rule seems plain: a party who signs a pleading or other paper without first conducting a reasonable inquiry shall be sanctioned." *Business Guides, Inc. v. Chromatic Communications Enters., Inc.,* 498 U.S. 533, 541, 111 S.Ct. 922, 928, 112 L.Ed.2d 1140 (1991). The standard for determining whether an attorney has made a reasonable factual inquiry is one of reasonableness under the circumstances, evaluated as of the time of the filing. *Cook v. Rockwell Int'l Corp.,* 147 F.R.D. 237, 246 (D.Colo.1993).

■ Here, the Dismissed Defendants contend that Fransen failed to make any prefiling inquiry into whether they had acted as sellers of securities to support violations of state or federal securities laws. They note, correctly, that under *Pinter v. Dahl,* 486 U.S. 622, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988), more is required than simply being a promoter of a securities offering for liability as a statutory seller to attach under federal securities laws. To be considered a seller of securities, the defendant must have actively solicited a sale and have been motivated to do so at least in part by his own financial interests. *See id.* at 647, 108 S.Ct. at 2078.

*Pinter* teaches that, inter alia: (1) there must be some direct relationship between the defendant and the plaintiff (although it is not limited to persons who pass title), (2) the defendant must be more than a remote participant rendering incidental professional services, (3) indirect involvement in the sale of securities is not sufficient. *In re Newbridge Networks Secs. Litig.,* 767 F.Supp. 275, 280 (D.D.C.1981).

In naming these parties as defendants, Fransen never considered whether there was any factual basis for a finding that the Dismissed Defendants had actively participated in the sale of securities. Fransen filed his federal court complaint more than three months after the state court had granted the motion to compel arbitration, giving him more than adequate time to investigate this issue. Information regarding whether Fransen was actively solicited by the Dismissed Defendants was matter particularly within his own knowledge not likely to require extensive discovery. Having failed to allege any specific facts to support the liability of the Dismissed Defendants, Fransen was then given a chance to further clarify his claims upon Meagher and the McClearys' motions for more definite statement. Again he failed, identifying them only as promoters.

Fransen now argues that he named the Dismissed Defendants as parties based on their membership in Terps. He maintains that since the Terps subscription agreement requires existing members to consent unanimously to the admission of new members, the Dismissed Defendant's consent to the admission of Fransen could be construed as an act of solicitation under *Pinter.*

First, this post-hoc justification for his actions is disingenuous at best. In his responses to the motions for more definite statement, Fransen states that Meagher and the McClearys were joined solely because of their status as promoters. Second, cases construing *Pinter* uniformly have held that some form of active participation in the solicitation of the a sale is required; collateral participants are not liable as statutory sell-

ers. *See, e.g., Craftmatic Secs. Litig. v. Kraftsow,* 890 F.2d 628, 636 (3d Cir.1989) ("The purchaser must demonstrate direct and active participation in the solicitation of the immediate sale to hold the issuer liable as a § 12(2) seller."); *Wilson v. Saintine Exploration & Drilling Corp.,* 872 F.2d 1124, 1126 (2d Cir.1989); *In re Newbridge Networks Secs. Litig.,* 767 F.Supp. at 280. Fransen stubbornly fails to acknowledge this requirement and makes no rational argument how the Dismissed Defendants' simple ratification of Fransen as a member of the company could possibly equate to an act of solicitation. *See Mabon, Nugent & Co. v. Borey,* 127 B.R. 727, 734–35 (S.D.N.Y.1991) (directors' authorization of sale of corporation's securities not sufficient to hold them liable as statutory sellers.) Accordingly, because his claims against the Dismissed Defendants were made without adequate investigation of their factual basis and were therefore groundless, the motions for sanctions are granted under Colo.Rev.Stat. §§ 13–17–101 to –103 and Rule 11, to be paid by Plaintiff's counsel.

## B. *Terps' Motion for Attorney Fees.*

■ In their motion for attorney fees under state law, Rule 11 and 28 U.S.C. § 1927, Defendants Terps, Wahl, Kaufman and Colorado Territory argue that Fransen could not make a good faith argument that would support the filing of his federal lawsuit in the face of the state court's order compelling arbitration. In contrast to the Dismissed Defendants' motions, their argument is not based on Fransen's failure to undertake a reasonable factual investigation of his allegations, but the lack of a reasonable legal foundation for his claims. Fransen responds that there is only "secondary authority," but no Colorado authority, holding that the state court's order was entitled to collateral estoppel effect and that, by bringing this action, he was motivated by his good faith belief that Judge Naves had erred and that I would consider the evidence with a more "discerning attitude." (Pl.'s Resp. at 4.) Plaintiff's position is without merit.

"In deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.,* 935 F.2d 1152, 1155 (10th Cir.1991). As the Tenth Circuit advised in *Hughes v. City of Fort Collins, Colo.,* 926 F.2d 986, 990 (10th Cir.1991), before determining whether a pleading which argues for a change in existing law violates Rule 11, a district court should

carefully examine the controlling law (i.e. decisions of the Supreme Court, this court, the state courts in diversity cases, and statutes) in terms of its pervasiveness (number of decisions in the circuits and presence or absence of any split in the circuits, as well as possible multiple opinions in this circuit), its recency, its clarity, and its specific relevance to the issue confronting the court, among other things. Then the court would do well to determine whether the proponent of the position has articulated a reasoned and principled basis for the proposed extension, modification, or reversal of the controlling law.

In my December 21, 1993 memorandum opinion, I held that the state court's order mandating arbitration was entitled to preclusive effect first because it fell within the exception to the finality rule outlined in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), thereby also meeting the "finality" requirement of the doctrine of issue preclusion. In so holding, I cited *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), in which the Supreme Court held that a federal court's order staying a case pending the state court's decision on arbitrability was final under the *Cohen* exception. More importantly, the Court in *Moses H. Cone* also ruled that the district court's decision granting the stay and declining to exercise jurisdiction under the federal arbitration act violated Congress' intent because "[o]nce the state court decided the issue of arbitrability, the federal court would be bound to honor that determination as *res judicata.*" *Id.* at 12, 103 S.Ct. at 935 (emphasis added). Second, I held that even if the *Cohen* exception did not apply, other authority, including two federal court cases, supported giving the state court's ruling preclusive effect, based

on principles analogous to res judicata. *See Springfield State Bank v. National State Bank of Elizabeth,* 459 F.2d 712, 720 (3d Cir.1972); *New York News, Inc. v. New York Typographical Union No. 6,* 374 F.Supp. 121, 125 (S.D.N.Y.1974); 18 Charles A. Wright *et al., Federal Practice and Procedure* § 4425 at 259 (1981).

Despite this authority, Fransen offers no reasoned explanation of why the above law should not apply. Fransen's only argument is there is no Colorado state law authority expressly recognizing the *Cohen* exception. But as I noted, even if the *Cohen* exception does not apply, other case law and commentary supports my conclusion to give preclusive effect to the state court's ruling. Moreover, Colorado courts recognize that the concept of finality for the purposes of appeal, under which the *Cohen* exception applies, is more stringent than finality for the purposes of issue preclusion. *See Carpenter v. Young ex rel. Young,* 773 P.2d 561, 569 (Colo.1989).

Fransen makes no attempt to distinguish these cases and cites no authority holding that a state court's decision on arbitrability is not entitled to preclusive effect in federal court. *Compare Endrex Invs., Inc. v. Mauna Lani Resort, Inc. (In re Endrex Invs., Inc.),* 111 B.R. 939 (D.Colo.1990) (debtor's arguments for the good faith extension of existing law not frivolous where based on at least one case supporting its position.) Lacking any authority directly supporting his position, he must at least articulate some rational basis why the state court's adjudication, as a matter of sound policy, should not preclude relitigation of the same issues. *Hughes,* 926 F.2d at 990 (holding that "[a]n unadorned and forlorn hope that a court may change settled law at some future time" is not enough). Fransen's only contention on this score is that he hoped I would rule more favorably on his claim that he never legally became a member of Terps than did the state court. A more blatant example of forum shopping could not be found. Therefore, I grant Terps' motion for sanctions under Rule 11. Sanctions shall enter against Plaintiff's counsel. I do not address the request for sanctions under 28 U.S.C. § 1927 or Colo. Rev.Stat. §§ 13–17–101 to –103.

IT IS ORDERED THAT David Meagher's motion for attorney fees and costs is GRANTED in the amount of $8,673.40, to be paid by Plaintiff's counsel; and

IT IS FURTHER ORDERED THAT Christine B. and E. Larry McCleary's motion for attorney fees and costs is GRANTED in the amount of $3,695.00, to be paid by Plaintiff's counsel; and,

IT IS FURTHER ORDERED THAT Denver Pediatric Surgeons, P.C.'s motion for attorney fees and costs is GRANTED in the amount of $5,326.50, to be paid by Plaintiff's counsel; and

IT IS FURTHER ORDERED THAT Terps Limited Liability Company ("Terps"), David F. Wahl, Fred Kaufman and Colorado Territory Limited Liability Company's motion for attorney fees and costs is GRANTED in the amount of $10,074.15, to be paid by Plaintiff's counsel.