FIRST INTERSTATE BANK OF DENVER, N.A., Plaintiff,

v.

ESTATES PARTNERSHIP, a partnership, and its partners Russell Doud, Dennis Gregerson, Deborah Gregerson, Richard L. Suranyi, the Freda Lower Living Family Trust, Homer Scott, Jr., Wayne Gustafson, Jerry Laseur and TRD Ventures, a partnership, and its partners Ben Doud, Robert E. McKee, Willis Chrans, Stephen Hughes and R & D Partnership, a partnership, and its partners, Robert F. Gulley, Jr., Donald R. Gulley; TRD Venture Partnership, a partnership, and its partners Doud Investments, a partnership, and Sharon K. Doud and Ben Doud as partners, Hughes Investments, a partnership, and Stephen Hughes and Mary Hughes as partners, R. McKee & Co., a partnership, and Robert McKee and Mary McKee as partners, Chrans Enterprises, a partnership, and Willis Chrans and Nancy E. Chrans as partners, R & D Partnership, a partnership, and Robert F. Gulley, Jr. Trust and Donald R. Gulley Trust as partners; Dennis Lower; and the Dennis and Freda Lower Living Family Trust, Defendants.

Civ. A. No. 86–K–1956.

United States District Court, D. Colorado.

Nov. 19, 1987.

684

Peter C. Houtsma, Holland & Hart, Denver, Colo. & Lawrence J. Wolfe, Cheyenne, Wyo., for plaintiff.

John R. Webb, R. Michael Shickich, Holme Roberts & Owen, Denver, Colo. & Burgess & Davis, Sheridan, Wyo., for Homer Scott, Jr.

John M. Franks, Paul R. Wood, Peter B. Albani, Law Offices of John M. Franks, P.C., Denver, Colo., for Russell Doud, Ben Doud, Sharon K. Doud, Doud Investments, Chrans Enterprises, Nancy E. Chrans, Robert E. McKee, Donald Gulley, Robert F. Gulley, Jr., Robert F. Gulley, Jr. Trust, The Donald F. Gulley Trust, Deborah Gregerson, Dennis Gregerson, TRD Ventures, and its partners Willis Chrans, Stephan Hughes, Hughes Investments, Mary K. Hughes, R. McKee & Company Mary McKee, R & D Partnership, Estates Partnership.

Harold A. Feder, Feder, Morris, Tamblyn & Goldstein, Denver, Colo. & Harold E. Meier, Schwartz, Bon, McCrary & Walker,

Casper, Wyo. for Richard L. Suranyi and The Freda Lower Living Family Trust Dennis Lower.

Michael H. Berger, Waldbaum, Corn, Koff, Berger & Leiser, Denver, Colo., for Wayne Gustafson & Jerry LaSeur.

## MEMORANDUM OPINION AND ORDER

KANE, Judge.

Richard R. Murphy is a member of the California bar. In 1971 he was convicted in California of five misdemeanor counts of selling securities without a permit. He was suspended from practice at that bar for a period of one year in 1975. He was also placed on probation for three years.

On August 26, 1987 the law offices of John M. Franks P.C. submitted a motion with this court to admit Mr. Murphy *pro hac vice* pursuant to Rule 301. That motion and annexed affidavit did not reveal details of Mr. Murphy's prior criminal or disciplinary record as required by Local Rule 301. The matter came before Magistrate Abram on September 11. Magistrate Abram denied the motion. He stated he suspected the failure of Mr. Murphy to disclose these facts was intentional. He also found Mr. Murphy had already and without the permission of the court taken an active part or attempted to take an active part in the discovery and the handling of other legal matters in the case. This, he pointed out, was unethical in its own right.

Defendants have filed a motion for reconsideration of this order. Taking together their initial and reply briefs, they submit three arguments. Each of these arguments is utterly groundless. Altogether they have submitted nine pages of briefs. Not one legal authority is cited by them. This is baffling given the standard, acknowledged in defendants' brief, of 'clearly erroneous or contrary to law' imposed by Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 602 C on motions of this nature. I am naturally suspicious of pleadings which provide no authority for the arguments cited therein. In the instant context, however, it appears to be the only course available for adoption.

This motion is denied. Further, this motion was filed in violation of Rule 11 of the Federal Rules of Civil Procedure. Accordingly I shall impose sanctions.

## THE MOTION

■ The first argument is that Mr. Murphy believed Local Rule 301 applied only to present and binding disciplinary proceedings. Accordingly, it is asserted the magistrate erred in deciding he intentionally omitted to include these details. This is nonsense. Under Local Rule 301 C, by applying for special admission, an attorney 'certifies familiarity with the Local Rules of Practice of this court'. Mr. Murphy either intentionally violated those rules, in which case he should not be admitted to practice here, or he was unfamiliar with them, in which case he certainly should not be admitted to practice here [1].

■ The second argument submitted is that the magistrate erred in considering a brief filed by plaintiff in opposition to the motion to admit because the brief was filed late and defendants did not have an opportunity to respond to it. This, given the facts, is simply an extraordinary argument. There are two reasons. First, Magistrate Abram expressly asked defendants' counsel at the hearing convened on the matter whether he wished consideration of the motion to be deferred. Counsel said no (transcript of September 11 hearing p. 3). Second, we are actually told in defendants' motion that Mr. Murphy knew plaintiff's counsel were aware of the matter and he anticipated plaintiff's counsel would raise the matter of his prior conviction and sus-

---

**1.** This motion is made all the more ludicrous and all the more deserving of sanctions because movants have included with their brief an affidavit from Mr. Murphy in which he casually asserts he never read Rule 301 himself, but had it explained to him over the telephone (Murphy affidavit ¶ 4). I am uncertain whether this means Mr. Murphy had the entire Local Rules read to him over the telephone, whether Local Rule 301 was missing from the copy of the Local Rules he did read or whether he simply wishes to admit he never read the rules at all.

pension. Accordingly, it is argued, he did not feel it necessary to raise the matter himself. In such circumstances, I cannot appreciate any great prejudice as a result of the late filing. Finally, at the hearing all of the alleged errors and allegedly misleading assertions contained in plaintiff's opposition brief were raised by defendant's counsel and dismissed as irrelevant by Magistrate Abram. Thus, even if defendants did not waive any objections to the brief, any error so effected was harmless.

■ The third argument is that by virtue of Magistrate Abram's ruling, plaintiff is interfering with defendant's choice of counsel. Members of other bars have no right whatsoever to appear before this court and do so merely by leave of the court. A party appearing before this court has accordingly no right to be represented by such counsel. This contention hovers on the fringe of the contemptuous.

### RULE 11

■ It would be a derogation of this court's obligations under the Federal Rules of Civil Procedure not to impose sanctions on defendants' counsel pursuant to Rule 11 for the manner in which he firstly conducted the initial motion in this case before the magistrate and secondly pursued this motion for reconsideration.

In an opinion issued this same day, *Storage Technology Partners II v. Storage Technology Corporation*, 117 F.R.D. 675 (D.Colo.1987) I discuss at some length the operation and functions of Rule 11. There, I imposed sanctions to an upper limit of defendants' attorney fees and costs incurred in defending a baseless securities action. This case is different.

Taking first the initial motion before the magistrate. Defendants' counsel is obliged under Local Rule 301 A(2)(f) to include with a motion to admit an out-of-state attorney for the purposes of a particular case an affidavit signed by that attorney which *shall* include a recitation that the affiant is in good standing in all bars of which he or she is a member and that no disciplinary or grievance proceedings have been filed or are pending. This, he did not do. At the

hearing before Magistrate Abram, the following encounter occurred,

*Defendants' Attorney;* Your Honor, quite frankly I did not know that that requirement existed under 301,

*The Court;* Did you read 301 at the time that you prepared the affidavit?

*Attorney;* No, I did not, Your Honor.

*The Court;* Were you aware of his record?

*Attorney;* Yes, Your Honor.

This is as clear an instance of a lawyer failing to observe the rudimentary obligation imposed upon him by Rule 11 as I can conceive. An attorney presented a motion to this court for admission of an out-of-state lawyer to appear before this court under Rule 301 of the Local Rules without even reading that rule. This is an omission exacerbated by the fact counsel knew of Mr. Murphy's past record and knew he had had difficulties with other bars. This is not a mere case of oversight or unfamiliarity with legal principle such as that which characterized counsel's conduct in *Storage Tech. Partners*. It is an instance of gross negligence bordering on bad faith. Counsel has sought to evade the consequences of this by even further prevailing upon the resources of this court by seeking review of the magistrate's proper order with a series of completely unfounded arguments which augre not even under the guise of legal principle.

As such, plaintiff shall be awarded all its costs in defending this matter, both before the magistrate and before me. Further, I shall invoke the facility provided by Rule 11 which I mentioned in *Storage Tech Partners* to compensate this court for the time wasted by it in entertaining this matter.

■ In so doing, I am anxious to emphasize that this latter sanction is *not* a fine analogous to that which might be imposed in a contempt proceeding. Accordingly, I perceive no obligation to furnish defendants' counsel with the protections of Fed.R. Crim.Proc. 42(b). This is a compensatory, cost reimbursement measure I adopt exactly as I would award attorney fees under

the rule. I do so in order to make clear to defendants' counsel that every ill-considered, abusive motion of this nature takes up valuable and expensive court time. If Rule 11 allows an opposing attorney to be compensated for time unnecessarily spent on frivolous matters, I see no reason why the taxpayer should not be similarly compensated. Again, as I pointed out in *Storage Tech. Partners,* there is nothing in the wording of Rule 11 to prevent this conclusion. If any punitive sanctions are to be imposed, they shall be dealt with by the Committee on Conduct in accordance with Local Rule 307 E.

It is accordingly ORDERED defendants' motion to reconsider is DENIED. It is further ORDERED sanctions in the amount of plaintiff's costs, expenses and attorney fees incident to their appearance before the magistrate and before me, together with the costs of the court, including judicial time and magistrate's time involved in this motion are imposed on defendants' counsel. Plaintiff's counsel is directed to obtain a certificate from the Clerk of the Court, James R. Manspeaker, or his Chief Deputy, relating to court time and costs. Plaintiff shall file all the above within ten days of the date of this order.