**In re INSLAW, INC., Debtor.**

**Bankruptcy No. 85–00070.**

United States Bankruptcy Court,
District of Columbia.

Oct. 24, 1989.

Charles A. Docter, Docter, Docter & Salus, Charles R. Work, McDermott, Will & Emery, Washington, D.C., for debtor.

Robert J. Higgins, Dickstein, Shapiro & Morin, Washington, D.C., Deborah H. Devan, Weinberg & Green, Baltimore, Md., for Dickstein, Shapiro & Morin.

MEMORANDUM OPINION DENYING DEBTOR'S MOTION TO VACATE, OR IN THE ALTERNATIVE, TO ALTER OR AMEND THE ORDER AND MEMORANDUM OPINION OF MARCH 13, 1989

JAMES F. SCHNEIDER, Bankruptcy Judge, sitting by designation.

The undersigned bankruptcy judge was specially assigned to this case in the summer of 1988 at the time when an unconfirmed Chapter 11 plan was pending. In order to accommodate the debtor's request that a confirmation hearing be scheduled before the end of the year, a number of other unresolved matters had to be accorded expedited treatment. One such matter, the debtor's objection to a fee request by Dickstein, Shapiro & Morin ["D.S. & M."], debtor's former special counsel, in the amount of $464,000, was heard by the Court on December 2, 7, 8 and 14, 1988. It was of paramount importance to decide the law firm's entitlement to an administrative claim against the estate because of the impact such a ruling would have upon the plan's chances for confirmation. After the conclusion of the hearing, and because of the urgency of the situation, the Court instructed its secretary, Mrs. Hopkins, to announce its decision by telephone to counsel, allowing the fee in the full amount claimed, albeit partially apportioning it as to its administrative priority. This was done on Friday, December 16, 1988. The Court worked to prepare a written opinion over the weekend, but due to the complexity and sheer length of the decision, was unable to complete it.

The hearing on confirmation was held in Washington, D.C. on Monday and Tuesday, December 19–20, 1988. During a recess, the debtors and D.S. & M. reached an accord regarding the law firm's fee in exchange for its approval of the debtor's plan. Nevertheless, the Court advised the parties that it intended to prepare a written opinion and order, regardless of any agreement reached. Counsel for the debtor acquiesced and stated that the debtor would waive its right to appeal the opinion. At the end of the second strenuous day of hearings, and after numerous other issues were decided by the Court, the way was cleared for confirmation, which was granted by Order [P. 1117] dated December 28, 1988.

The memorandum opinion required more than two months to prepare. It was 56 typewritten pages in length and was filed on March 13, 1989 [P. 1145]. As promised, it authorized the payment of compensation to D.S. & M., approved D.S. & M.'s administrative claim and overruled the debtor's objection. *In re Inslaw*, 97 B.R. 685 (Bankr.D.C.1989).

Fifteen days later, the debtor filed the instant disingenuous motion [P. 1153] to vacate or alter or amend the memorandum opinion and order. The grounds for the motion are that after the Court announced its decision following a lengthy trial, but before the entry of the opinion and order, the debtor and D.S. & M. had settled their dispute, thereby rendering the controversy moot and depriving this Court of the jurisdiction to enter anything other than a consent order.

■ In support of its contentions, the debtor has cited the following authorities:

*Liner v. Jafco, Inc.*, 375 U.S. 301, 84 S.Ct. 391, 11 L.Ed.2d 347 (1964); *North Carolina v. Rice*, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); *Lake Coal Co. v. Roberts & Schaefer Co.*, 474 U.S. 120, 106 S.Ct. 553, 88 L.Ed.2d 418 (1985); *Tosco Corp. v. Hodel*, 804 F.2d 590 (10th Cir.1986); *ITT Rayonier Inc. v. U.S.*, 651 F.2d 343 (5th Cir.1981); 13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3533.2 (1984); *Amalgamated Clothing and Textile Workers v. J.P. Stevens & Co., Inc.*, 638 F.2d 7 (2nd Cir.1980); *Int'l Union, U.A.W. v. Dana Corp.*, 697 F.2d 718 (6th Cir.1983); *Matthies v. R.R.B.*, 341 F.2d 243 (8th Cir.1965); *citing* 21 C.J.S. Courts 227; *Simmons v. Atlantic Coast Line R. Co.*, 235 F.Supp. 325 (E.D.S.C.1964); *Gagnon v. U.S.*, 193 U.S. 451, 24 S.Ct. 510, 48 L.Ed. 745 (1904); *U.S. v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950); *Great Western Sugar Co. v. Nelson*, 442 U.S. 92, 99 S.Ct. ·2149, 60 L.Ed.2d 735 (1979); *Kennedy v. Block*, 784 F.2d 1220 (4th Cir.1986); and *Douglas v. Donovan*, 704 F.2d 1276 (D.C.Cir.1983).

The Court has examined all these and is impressed by their inapplicability to the instant case. The debtor misplaces reliance upon authorities which stand for the proposition that an Article III court lacks the jurisdiction to decide a case rendered moot by its having been settled. The debtor's error in citing these authorities is that none of them was written or decided in the context of a bankruptcy case where the issue at hand was the award of a counsel fee as an administrative expense.

It may seem illogical that the bankruptcy court, as a non-Article III adjunct to the Article III U.S. district court, should be clothed with seemingly wider jurisdiction than its parent. The supposed fallacy is easily explained. It is the U.S. district court which, in addition to deciding cases and controversies, has been given special subject matter jurisdiction to decide matters affecting the administration of bankruptcy estates. The bankruptcy court derives its jurisdiction over bankruptcy cases and proceedings by reference from the district court. 28 U.S.C. § 1334(a), (b); § 157(a) (Supp. V 1987).

This Court has the authority by law to approve professional fees and administrative expenses regardless of whether a party in interest has filed an objection. 28 U.S.C. § 157(b)(2)(A); 11 U.S.C. §§ 327, 328, 329, 330, 331 (Supp. V 1987); Bankruptcy Rule 2016.

■ The power to award fees in this case is not dependent upon the debtor's consent to that award. Indeed, the bankruptcy court has the obligation to review requests for counsel fees *in the absence of objections*. *In re Chicago Lutheran Hosp. Assn.*, 89 B.R. 719 (Bankr.D.Ill.1988): *In re Kreidle*, 85 B.R. 573 (Bankr.D.Colo. 1988); *In re Watkins Glen Grand Prix Corp.*, 81 B.R. 232 (Bankr.W.D.N.Y.1988); *Matter of Mansfield Tire & Rubber Co.*, 65 B.R. 446 (Bankr.N.D.Ohio 1986); *Matter of Liberal Market, Inc.*, 24 B.R. 653 (Bankr.D. Ohio 1982).

An excellent statement of the rationale underlying this rule is set forth in the recent case of *In re S.T.N. Enterprises, Inc.*, 70 B.R. 823, 831–832 (Bankr.D.Vt. 1987):

In a bankruptcy case fees are not a matter for private agreement. There is inherent a public interest that must be considered in awarding fees. Senate Report No. 95–989, 95th Congress, 2d Session 40 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787. Accordingly, the Code imposes on us a supervisory obligation not only to approve counsel's employment but also to ensure that counsel's bills are reasonable, the services and expenses actual and necessary. Under 11 U.S.C. §§ 327–330 and Bankruptcy Rules 2016 and 2017, the Court has an independent ˙ judicial responsibility to evaluate the attorneys' fees. *In re International Coins & Currency, Inc.*, 26 B.R. 256, 260, 7 C.B.C.2d 780 (Bkrtcy.D. Vt.1982) (I.C.C. III). In order to prevent overreaching, *In re N.S. Garrott & Sons*, 54 B.R. 221, 222 (Bkrtcy.E.D.Ark. 1985), the Court may reject proposed legal fees despite the parties' stipulation. *In re International Coins & Currency, Inc.*, 26 B.R. at 260; *In re Gulf Hills*

*Development Corp.,* 60 B.R. 366, 368 (S.D.Miss.1985), and without any objections from the parties, *In re Cuisine Magazine, Inc.,* 61 B.R. 210, 219 (Bkrtcy. S.D.N.Y.1986); *In re Wilson Foods Corp.,* 36 B.R. 317, 320, 11 B.C.D. 722 (Bkrtcy.W.D.Okla.1984); *In the Matter of Hamilton Hardware Company, Inc.,* 11 B.R. 326, 329, 7 B.C.D. 963, 4 C.B.C.2d 699 (Bkrtcy.E.D.Mich.1981). Our judicial responsibility is especially acute when the attorney seeks compensation out of the bankruptcy estate. *In re International Coins & Currency, Inc.,* 26 B.R. at 260.

*Id.* For these reasons, the debtor's agreement to pay D.S. & M. a fee in the amount approved was irrelevant to the ability of this Court to enter its opinion and order of March 13, 1989.

Moreover, the opinion encompassed far more than the fairly narrow objection raised by the debtor to the fee. After disposing of the objection on its merits (or lack thereof), the opinion presented a detailed exposition of the standards applicable to the proper award of a fee to special counsel, wholly independent of the debtor's arguments. Now the debtor oddly complains that its agreement to pay the fee somehow deprived this Court of the authority, conferred upon it by Congress and the district court, to award administrative fees and expenses in bankruptcy.

The debtor's consent to the Court's decision neither added to nor detracted from the validity of the opinion and order. The debtor gave its consent and waiver of appeal in exchange for D.S. & M.'s favorable vote to confirm the debtor's Chapter 11 plan. The Court finds that the waiver of appeal was purportedly made in good faith and with complete understanding of the consequences on debtor's part and with the assistance of competent counsel. In sum, the settlement did not divest this Court of its jurisdiction over the subject matter of the controversy because bankruptcy jurisdiction exists to administer a bankruptcy case regardless of whether or not a controversy exists. For this reason the motion will be denied.

But, the debtor alternatively argues, the Court has misapprehended the evidence and has so thoroughly misinterpreted the facts that no less than 16 findings of fact and nine conclusions of law are erroneous. The Court responds that it has reviewed the record in this case and has confirmed the correctness of all the findings and conclusions to which the debtor assigns error. These findings and conclusions were reached impartially based upon all of the evidence placed before the Court as the trier of fact. Such determinations, both legal and factual, were rendered within the discretion of the Court and ordinarily ought not be disturbed unless they are clearly erroneous or constitute an abuse of discretion. Because none of these conditions have been demonstrated in the instant case, the Court declines to alter or amend its opinion of March 13, 1989.

ORDER ACCORDINGLY.