**In re WESTERN MONETARY CONSULTANTS, INC. a Colorado corporation, Debtor.**

**WESTERN MONETARY CONSULTANTS, INC., a Colorado corporation, Appellant,**

v.

**Kermit L. ALLARD, C.P.A., Appellee.**

**Civ. A. No. 91–K–1520.
Bankruptcy No. 88 B 3748 J.**

United States District Court,
D. Colorado.

Aug. 7, 1992.

J. Brad March, March & Myatt, Fort Collins, Colo.

David Williams, Denver, Colo., U.S. Trustee.

John M. Franks, Craig N. Maestro, Denver, Colo., for Western Monetary Consultants.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

In this appeal, the debtor, Western Monetary Consultants, Inc. (WMC), contests the bankruptcy court's August 20, 1991 judgment denying its objection to Kermit L. Allard's $18,651.75 administrative claim for accounting fees. WMC argues that the court erred in approving fees exceeding the $10,000.00 cap imposed in the court's initial order authorizing Allard's employment and that Allard, an experienced accountant, should have been able to complete the work for that amount. Allard asserts that this appeal is frivolous and moves for sanctions, claiming that the appeal was intended to delay his collection of the fees.

### I. *Facts.*

On March 28, 1988, WMC filed a voluntary petition for bankruptcy under Chapter 11 of the Code. Later, it moved for court approval to employ Allard to conduct an accounting audit of the company and to help it prepare certain bankruptcy filings. WMC requested authorization to pay Allard a $5,000 retainer and to make future payments totalling $10,000 (including the retainer). The bankruptcy court granted the motion by order dated August 25, 1988.

On March 29, 1991, Allard filed a renewed application for compensation under § 330 of the Code, requesting amounts for fees and services which WMC had not paid, despite its representation in other court documents that all administrative claims had been settled. On May 8, 1991, the court approved the application, ordering WMC to pay Allard $18,651.75 within ten days or face conversion of the case to Chapter 7.

On August 20, 1991, the court entered a second order concerning the fees, based on Allard's claim for an administrative expense. The court again found the fees to be reasonable, notwithstanding the $10,000 cap in the initial application, because Allard's firm unexpectedly had to reconstruct manually many files lost when WMC's computer was removed. In addition, the court noted that when confronted with these new circumstances Allard told WMC that the fees would increase, and WMC assured Allard that it would seek court approval for the increase. The court also cited the fact that WMC never disputed any of Allard's billings until Allard filed his § 330 application. Under these circumstances, the court concluded that WMC was equitably estopped from challenging the fees. WMC appeals this ruling.

### II. *Issues.*

A. WMC's Appeal of Denial of its Objection to Allard's Administrative Claim.

■ WMC challenges the bankruptcy court's August 20, 1991 ruling on two grounds. First, it contends that the court erred as a matter of law in permitting Allard's fee to exceed the $10,000 limit originally established. Second, it argues that Allard's testimony that he was experienced in bankruptcy procedures should have led the court to conclude that the work could have been done within the $10,000 limit. Neither argument is persuasive.

WMC's argument that the $10,000 limit is immutable overlooks clear statutory lan-

782

guage to the contrary. Section 328 of the Bankruptcy Code provides:

> (a) The trustee,[1] or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. *Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.*

11 U.S.C. § 328(a) (emphasis added). The legislative history of this section makes clear that " '[t]he court's power [to modify the agreement] includes the power to increase as well as decrease the agreed upon compensation.' " 2 *Collier on Bankruptcy* ¶ 328.02 at 328–8 (L. King 15th ed.1992) (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 328 (1977), U.S.Code Cong. & Admin.News 1978, 5787, 6285 (alteration in original); *see also In re Inslaw, Inc.,* 97 B.R. 685, 702–03 (permitting increased compensation where debtor was informed of the increases and demanded additional work), *amendment denied,* 106 B.R. 331 (Bankr.D.C.1989). Consequently, the court did not err in considering Allard's claim for fees in excess of the $10,000 limit.

■ Likewise, there is no reason to overturn the court's finding that Allard's fees were reasonable. WMC argues that Allard's testimony that he was familiar with bankruptcy procedures indicates that he could have completed the work for the amount originally agreed upon. The court found that the increased time it took Allard to complete the work was not due to Allard's lack of experience with bankruptcy issues, however, but WMC's failure to pro-

vide documentation in the form originally indicated. (*See* R.Doc. 663 at 2). WMC makes no attempt to suggest that this finding was clearly erroneous or that Allard's fees were otherwise unreasonable. Therefore, the court's ruling as to reasonableness is affirmed. The increased fees were due to "developments not capable of being anticipated" at the time Allard's employment was approved. *See* 11 U.S.C. § 328(a).

## B. Allard's Motion for Sanctions.

In his response brief and in a separate motion, Allard moves for sanctions against WMC and its attorney under Rule 11 and 28 U.S.C. § 1927. Allard argues that WMC filed this appeal to frustrate his collection of the disputed fees and that WMC's assets are being dissipated. Allard requests the court to award him attorney fees in this matter and to authorize the bankruptcy court to award additional costs incurred there. WMC and its attorney have not responded to Allard's request for sanctions.

Rule 11 requires the court to impose sanctions against a party who signs a pleading in violation of the rule's requirement that pleadings be well-grounded in fact, warranted by existing law or a good faith argument for its extension, and not interposed for an improper purpose, such as delay or harassment. Similarly, 28 U.S.C. § 1927 requires an attorney "who so multiplies the proceedings in any case unreasonably or vexatiously ... [to] satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

■ Under both provisions, counsel's conduct must be viewed under an objective standard. *See Endrex Invs., Inc. v. Mauna Lani Resort, Inc. (In re Endrex Invs., Inc.),* 111 B.R. 939, 946 (D.Colo.1990). Under Rule 11, sanctions must be imposed if a reasonable attorney admitted to practice before the court would not have filed such

---

**1.** By operation of § 1107(a) of the Code, this provision also applies WMC, a debtor-in-possession.

a document. *See id.* Similarly, under § 1927, sanctions must be imposed if the attorney's conduct, " 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.' " *Id.* at 947 (quoting *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (emphasis omitted)).

In this case, the record substantiates many of Allard's complaints. WMC's counsel has consistently failed to meet time deadlines in prosecuting this appeal. He failed to file a designation of record and statement of issues on appeal until faced with an order to show cause. He delayed payment for the transcript of the hearing below, preventing transmission of the record on appeal and requiring an extension of time from this court. Although counsel represented that the delay was due to pending settlement negotiations, he did not attempt to obtain a stay for this purpose. Allard's motion to dismiss this appeal based on these deficiencies was denied.

Counsel's dilatory actions continued. He failed to file an opening brief and did not timely respond to the court's order to show cause or to Allard's renewed motion to dismiss on this basis. He then filed an insufficient response to the order to show cause, which was considered as a motion to reinstate the case and was granted. Counsel blamed his failure to prosecute this appeal adequately on personnel turnovers and deficiencies in the firm's internal document handling procedures. Then, after filing an opening brief, he *sua sponte* filed a corrected and amended brief without obtaining court approval and without correcting several errors in the original brief. He did not respond to Allard's motion for sanctions.

Finally, having brought the appeal to issue, counsel raised issues lacking any colorable merit. He provided absolutely no authority to support the contention that the bankruptcy court is powerless to authorize compensation in excess of the limit imposed in an order approving a professional's employment. A cursory reading of Code provisions dealing with the employment and compensation of professionals, particularly § 328(a), would have demonstrated the fallacy of this argument. Likewise, counsel's second contention, that Allard should have completed the work for the amount originally agreed upon because he claimed to be familiar with bankruptcy procedures, flatly ignored the bankruptcy court's findings that the increased fees were due to WMC's own actions, not Allard's inexperience *vel non*. Counsel did not attempt to dispute this finding.

Under these circumstances, counsel's conduct fell below that required by Rule 11 and § 1927. An attorney admitted to practice before this court should have known that the above arguments flew in the face of existing law. Counsel did not even attempt to argue for the extension or a differing interpretation of that law and cited absolutely no authority for his positions. This, coupled with his inability to meet nearly every deadline for prosecution of this appeal, indicates counsel's intentional or reckless disregard of his duties to the court and warrants the imposition of sanctions.

Accordingly, Allard shall be awarded reasonable attorney fees for defending this appeal. Allard also requests an order "authorizing the Bankruptcy Court to award appropriate additional attorney's costs incurred by Appellee before the Bankruptcy Court," (Mot. for Sanctions at 1), but does not identify what these costs are or when they were incurred.

### III. *Conclusion.*

The bankruptcy court's order approving Allard's administrative claim is AFFIRMED. Allard's motion for sanctions is GRANTED. The case is remanded to the bankruptcy court to take evidence and determine the amount of attorney fees to be imposed against both or either WMC and its counsel.